IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHANIE PHELPS,<br>o/b/o JIMMY THEADOR DAVIDS,<br><br>          Plaintiff,<br><br>          v.<br><br>MARTIN J. O'MALLEY,[1]<br>*Commissioner of Social Security,*<br><br>          Defendant. | Civil Action No. 23-175-E |

O R D E R

AND NOW, this 31st day of May, 2024, upon consideration of the parties' cross-motions for summary judgment, the Court, after reviewing the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II[2] of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v.*

---

1    Martin O'Malley is substituted as the defendant in this matter, replacing former Acting Commissioner Kilolo Kijakazi pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g).

2    Plaintiff originally filed both Title II and Title XVI applications, but he has since passed away. As he was unmarried, his Title XVI application extinguished upon his death. (Doc. No. 8 at 2); *See* 20 C.F.R. § 416.542(b)(4) (noting that only in certain circumstances, such as with a surviving spouse, can an SSI claim continue after the claimant's death). His minor child brings his Title II claim on his behalf.

1

*Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).   *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[3]

---

[3]   Plaintiff argues that the Administrative Law Judge ("ALJ") erred in crafting the residual functional capacity ("RFC") for Claimant Jimmy Theador Davids, on whose behalf Plaintiff brings this action, because the ALJ failed to properly weigh the medical opinion evidence, did not apply the treating physician rule, and did not reconcile the RFC with the opinions given great weight.  (Doc. No. 8).  As explained below, the Court is unpersuaded by Plaintiff's arguments and affirms the ALJ's finding of non-disability.

This case is before the Court after a stipulated remand from the United States District Court for the Western District of New York and a subsequent Appeals Council remand.  (R. 1012-19, 1015-19; Doc. No. 8 at 2).  As noted, the case is brought by Stephanie Phelps, on behalf of Claimant Davids, who is deceased.  (Doc. No. 8 at 1).  The ALJ held a telephone hearing and issued an unfavorable decision on February 13, 2023.  (R. 857-78).  In that decision, now on appeal, the ALJ crafted the following RFC:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can stand and walk for six hours total in an eight hour day.  He can sit for six hours in an eight hour day.  He can occasionally climb ramps and stairs.  He can occasionally balance, stoop, kneel, and crouch.  He can never climb ladders, ropes or scaffolds, or crawl.  He must avoid concentrated cold temperatures.  He must avoid moderate respiratory irritants.  He must avoid concentrated exposure to heights.  He should have no work around machinery with external moving parts, or commercial driving.  He can perform occasional near acuity which is defined as being able to avoid normal hazards, and read normal newsprint, being able to view a computer screen, being able to distinguish between small objects that have distinctive colors.  He is not able to perform work that involves fine vision such as sorting small nuts and bolts, threading a needle, examining jewels, using calipers and measurements, or soldering wires onto chips.  He is limited to the ability to understand and remember simple instructions.  He can

> maintain focus to perform simple tasks. He can adapt to occasional changes to simple tasks. He should have no production paced work. He should have no work with the general public. He can have occasional work with coworkers and supervisors but should have no team or tandem work.

(R. 865-66). The Court finds no merit to Plaintiff's argument that the ALJ failed to reconcile this RFC with the weight given to the medical opinions. (Doc. No. 8 at 14-20).

Specifically, Plaintiff argues the ALJ's decision to give the very limiting opinions of Drs. Rebecca Billings, Ph.D., and Erin Urbanowicz, Psy.D., great weight is at odds with the less limited RFC. (*Id.* at 15-17). The Court first notes that the ALJ is not bound to formulate an RFC based directly on any physician's opinion, even if she gives that opinion great weight. *See Wilkinson v. Commissioner Social Sec.*, 558 Fed. Appx. 254, 256 (3d Cir. 2014) (citations omitted) (explaining that "no rule or regulation compels an ALJ to incorporate into an RFC every finding made by a medical source simply because the ALJ gives the source's opinion as a whole 'significant' weight"). Rather, an ALJ must adequately explain the basis for the RFC findings, including discussing the relevant medical opinion evidence.

In this case, the ALJ did not err by giving the opinions of Drs. Billings and Urbanowicz great weight and yet formulating a less limited RFC. The ALJ explained that Drs. Billings' and Urbanowicz' opinions were consistent with other parts of the record and were therefore given great weight. (R. 869). Dr. Billings opined, in part, that Mr. Davids could interact appropriately with the public, supervisors and co-workers with moderate limitation, and Dr. Urbanowicz opined, in part, that Mr. Davids would be moderately limited in the ability to interact appropriately with the general public, accept instructions, and respond appropriately to criticism from supervisors; and get along with co-workers or peers without distracting them or exhibiting behavioral extremes. (R. 152-53, 462). Taking this into consideration, the ALJ found that Mr. Davids could have no work with the general public and only occasional work with coworkers and supervisors. (R. 866). Although this RFC does not align perfectly with these doctors' opined limitations, it is supported by substantial evidence as the ALJ crafted this based on the entire record. Indeed, the ALJ noted that Mr. Davids should have no work with the general public after analyzing his mental health treatment records, which showed some reports of hallucinations and hearing voices. (R. 868). Accordingly, the ALJ's RFC is supported by substantial evidence.

Further, the Court rejects Plaintiff's argument that the ALJ failed to give adequate explanations for discrediting the opinions of Dr. Michael Rosenberg, M.D., and Courtney Kuch, LMSW. (Doc. No. 8 at 17-18). The ALJ explained that she gave Dr. Rosenberg's opinion limited weight because Mr. Davids' treatment records supported fewer limitations than those opined by Dr. Rosenberg. (R. 869). These treatment records revealed that

Mr. Davids received generally conservative treatment for his back pain and showed that he had no significant difficulties with ambulation or maneuvering around an examination room.  (*Id.*).   This differed from Dr. Rosenberg's opined limitations that Mr. Davids could only stand and walk for 30 minutes without interruption, stand and walk for 2 hours in an 8 hour workday, and never kneel, crouch, or crawl.  (Ex. E6F/6, 8).   Further, the ALJ explained that she gave Ms. Kuch's opinion little weight because her opinion that Mr. Davids had no useful ability to function in multiple areas was inconsistent with Mr. Davids' treatment records, which documented improvement in functionality and generally normal mental status examinations.   (R. 869).   Accordingly, the record supports the ALJ's decision to assign limited weight to these opinions.

The Court also rejects Plaintiff's argument that the ALJ failed to apply the treating physician rule to the opinion of Dr. Jeremy Riedesel, M.D.   (Doc. No. 8 at 14, 18, 19-20). The regulations provide that for claims, such as this one, filed before March 27, 2017, a treating physician's opinion is to be given "controlling weight" so long as the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record.   20 C.F.R. § 404.1527(c)(2); *Fargnoli v. Massanari*, 247 F.3d 34, 43 (3d Cir. 2001); *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999).   As a result, the ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, and not on the basis of the ALJ's own judgment or speculation, although he or she may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided.   *See Plummer*, 186 F.3d at 429.

Here, the ALJ properly applied the treating physician rule to the opinion of Dr. Riedesel.   The ALJ first acknowledged that Dr. Riedesel was Mr. Davids' treating physician.   (R. 869 (stating Dr. Riedesel was the "treating provider")).   Additionally, the ALJ stated that she considered the opinion evidence in accordance with 20 C.F.R. 404.1527, which is the regulation detailing the treating physician rule.  (R. 866).   The ALJ then explained that she afforded this opinion "limited weight" because Dr. Riedesel's opinion was inconsistent with Mr. Davids' medical record as a whole.   (R. 869). Specifically, Dr. Riedesel's opinion was inconsistent with Mr. Davids' medical record showing "few complaints of musculoskeletal pain in any of his mental health or neurological treatment records, and [Mr. Davids'] generally conservative treatment for his physical impairments."   (R. 869-70).   This makes logical sense as Dr. Riedesel opined that Mr. Davids had many postural limitations, including that he could only sit and stand for 10 minutes at a time, could only stand/walk less than 2 hours in an 8 hour workday, and could only sit about 2 hours in an 8 hour workday.   (R. 1876-77).   Accordingly, the ALJ's analysis of Dr. Riedesel's opinion is supported by substantial evidence.

For the foregoing reasons, the Court affirms the decision of the ALJ.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 7) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 10) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf:	Counsel of record